**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ZEROCLICK, LLC, | |
| Plaintiff, | Case No.    6:20-cv-00425 |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST SAMSUNG**

**ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Zeroclick, LLC ("Plaintiff" or "Zeroclick") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants"):

**INTRODUCTION**

1.     This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Zeroclick: United States Patent No. 7,818,691 ("'691 Patent") and United States Patent No. 8,549,443 ("443 Patent") together the "Asserted Patents."

2.     Plaintiff is the owner and assignee of a portfolio of patents containing the inventions of Dr. Nes Irvine, a medical doctor who possessed the prescient vision to develop touch-only user interface technologies that would enable significant benefits to his medical work and any field where users interacted with graphical user interfaces ("GUIs").  Dr. Irvine filed applications that

eventually became his "Zeroclick" U.S. Patents in the year 2000.

## PARTIES

3.      Plaintiff Zeroclick, LLC is a Texas limited liability company, having a business address at 3610-2 N Josey Lane #223, Carrollton, TX 75007.

4.      On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon, 443-742, South Korea.

5.      On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants

are registered to do business in Texas, and upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendants have regular and established places of businesses in this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681.[1]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,818,691

9.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10.     Plaintiff is the owner and assignee of United States Patent No. 7,818,691 ("the '691 patent") titled "Zeroclick."  The '691 patent was duly and legally issued by the United States Patent and Trademark Office on October 19, 2010.  Plaintiff is the owner and assignee, possessing all substantial rights, to the '691 patent.  A true and correct copy of the '691 Patent is attached as Exhibit 1.

11.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain touchscreen computer products, such as the Samsung Notebook 9 Pro 15 and certain touchscreen phone and tablet products that utilize the Google Android operating system, such as the Samsung Galaxy S10+ ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '691 Patent.

---

[1] *See, e.g.*, https://www.samsung.com/semiconductor/insights/news-events/austin-texas-named-new-home-for-samsung-electronics/; https://www.statesman.com/news/20181115/samsung-says-it-will-invest-291-million-in-austin-operations; https://www.service-center-locator.com/samsung/texas/samsung-austin-texas.htm.

12.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '691 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '691 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '691 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '691 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '691 Patent, thereby specifically intending for and inducing their customers to infringe the '691 Patent through the customers' normal and customary use of the Accused Products.

13.     The Accused Products satisfy all claim limitations of one or more claims of the '691 Patent. Claim charts comparing independent claim 2 of the '691 Patent to representative Accused Products, the Samsung Notebook 9 Pro 15 and Samsung Galaxy S10+, are attached as Exhibits 2 and 3.

14.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and is liable for infringement of the '691 Patent pursuant to 35 U.S.C. § 271.

15.     As a result of Defendants' infringement of the '691 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

16.     Defendants' infringing activities have injured and will continue to injure Plaintiff,

4

unless and until this Court enters an injunction prohibiting further infringement of the '691 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,549,443

17.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18.    Plaintiff is the owner and assignee of United States Patent No. 8,549,443 titled "Zeroclick." The '443 patent was duly and legally issued by the United States Patent and Trademark Office on October 1, 2013. Plaintiff is the owner and assignee, possessing all substantial rights, to the ''443 patent. A true and correct copy of the '443 Patent is attached as Exhibit 4.

19.    On information and belief, Defendants make, use, offer for sale, sell, and/or import certain touchscreen phone and tablet products that utilize the Google Android operating system, such as the Samsung Galaxy S10+ ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '443 Patent.

20.    Defendants also knowingly and intentionally induce infringement of one or more claims of the '443 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendants have had knowledge of the '443 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '443 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '443 Patent. Defendants do so knowing and intending that their customers and end

users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '443 Patent, thereby specifically intending for and inducing their customers to infringe the '443 Patent through the customers' normal and customary use of the Accused Products.

21.    The Accused Products satisfy all claim limitations of one or more claims of the '443 Patent.  A claim charts comparing independent claim 19 of the '443 Patent to representative Accused Product, the Samsung Galaxy S9, is attached as Exhibit 5.

22.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and is liable for infringement of the '443 Patent pursuant to 35 U.S.C. § 271.

23.    As a result of Defendants' infringement of the '443 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

24.    Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '443 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '691 Patent and '443 Patent;

b.    A permanent injunction prohibiting Defendants from further acts of infringement

of the '691 Patent and '443 Patent;

c.      A judgment and order requiring Defendants, jointly and severally, to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '691 Patent and '443 Patent; and

d.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 26, 2020                              Respectfully submitted,

*/s/ Brian D. Ledahl*

Marc A. Fenster, CA SBN 181067
mfenster@raklaw.com
Brian D. Ledahl, CA SBN 186579
bledahl@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Zeroclick, LLC***